Ramirez v 34-10 Dev. LLC (2024 NY Slip Op 05502)

Ramirez v 34-10 Dev. LLC

2024 NY Slip Op 05502

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 160428/19 595345/21 Appeal No. 2962 Case No. 2023-06470 

[*1]Ramiro Soto Ramirez, Plaintiff,
v
34-10 Development LLC et al., Defendants. 34-10 Development LLC et al., Third-Party Plaintiffs-Appellants,

Pillinger Miller Tarallo, New York (Michael R. Manarel of counsel), for appellants.
Gilbert, McGinnis & Liferiedge, White Plains (Kevin J. McGinnis of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 10, 2023, which, insofar as appealed from as limited by the briefs, denied defendants/third-party plaintiffs 34-10 Development LLC and Atria Builders, LLC's (collectively appellants) motion for summary judgment on their claims for contractual indemnification against third-party defendants Executive Group, Inc. and Executive Trim Construction Inc., unanimously modified, on the law, to the extent of awarding them conditional summary judgment on their contractual indemnification claim against third-party defendants, and otherwise affirmed, without costs.
Supreme Court erred in denying appellants' motion for summary judgment on their contractual indemnification claims against third-party defendants (see generally Zieba v 345 Main St. Assoc., 171 AD3d 482 [1st Dept 2019]). The record establishes that the relevant subcontract that included the indemnification provision, which was signed by Executive Group, Inc., applied to both third-party defendants, as the evidence, including the admissions of answering third-party defendant Executive Trim Construction, Inc. d/b/a Executive Group, establishes that Executive Group, Inc. is the same entity as Executive Trim Construction Inc. Further, contrary to the court's finding, the subcontract's indemnification provision requires full indemnification for claims, such as the one here, that arise out of or are connected with the "performance of work" by third-party defendants or those performing the work of the third-party defendants, without the need to show negligence by third-party defendants, where, as here, the record establishes that the indemnitees were not negligent (see e.g. Licata v AB Green Gansevoort, LLC, 158 AD3d 487, 491 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024